1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    EUGENE RED PROTSMAN,                          No.  2:21-cv-1034 CKD P

12                     Plaintiff,

13           v.                                       ORDER

14    E. SMITH, et al.,

15                     Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18    1983.  On June 30, 2021, the court screened plaintiff's complaint as the court is required to do

19    under 28 U.S.C. § 1915A(a).  Plaintiff's complaint was dismissed with leave to amend.  Plaintiff

20    has now filed an amended complaint.

21          The court is required to screen complaints brought by prisoners seeking relief against a

22    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

26          The court has reviewed plaintiff's amended complaint and finds that it fails to state a

27    claim upon which relief can be granted under federal law.  Plaintiff's complaint must be

28    dismissed.  The court will, however, grant plaintiff one final opportunity to amend.

                                                  1

Plaintiff presents two claims in his amended complaint.  With respect to the first, which arises under the Eighth Amendment, plaintiff admits he did not utilize the California Department of Corrections and Rehabilitation inmate grievance process even though section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted."  Because it is plain from plaintiff's complaint that he did not exhaust available administrative remedies, plaintiff cannot proceed on claim 1.[1]  Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014).

In claim 2, plaintiff asserts that he was denied medical care.  However, he fails to allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).

It is not clear whether plaintiff exhausted administrative remedies with respect to claim 2, but plaintiff is informed that the exhaustion requirement applies to claim 2 as it does to claim 1.

Finally, plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes prior pleadings.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended complaint is dismissed.

2.  Plaintiff is granted thirty days to file a second amended complaint that complies with the requirements of this order and the court's June 30, 2021 order.  The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended

/////

---

[1]  Plaintiff asserts he exhausted through the "state board."  But on January 22, 2020, when claim 1 accrued, exhaustion of the CDCR grievance process occurred after a decision by the Secretary of the California Department of Corrections and Rehabilitation, Cal. Code Regs. tit. 15, §§ 3084.1(b) (2017), 3084.7(d)(3) (2017) (repealed June 1, 2020), not a "state board."

2

1  Complaint."  Failure to file a second amended complaint in accordance with this order will result

2  in a recommendation that this action be dismissed.

3  Dated:  September 22, 2021

4  _____
   CAROLYN K. DELANEY

5  UNITED STATES MAGISTRATE JUDGE

6

7

8  1
   prot1034.14(2)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28